BARFIELD, Judge,
concurring in part and dissenting in part:
I concur with the majority’s affirmance of that portion of the commissioner’s order denying temporary disability benefits for the period between June 14 and July 12, 1984. However, I do not agree with the majority that the commissioner erred in assessing costs under section 440.32, Florida Statutes (1983), based on his finding that the claim for temporary disability benefits was instituted without reasonable grounds. This finding is supported by competent substantial evidence in the record.
I must also respectfully dissent from the majority’s rejection of the commissioner’s findings regarding claimant’s ability to pursue a serious weight loss program as not supported by competent substantial evidence in the record, and its contrary finding, “that claimant did make progress, albeit slight, during both periods of weight loss treatment, showing a net loss of six pounds during her five weeks of treatment with Dr. Bone and a net loss of six pounds in five weeks with Weight Watchers.”
The record indicates that claimant showed a net loss of six pounds during her five weeks of treatment with Dr. Bone (including one week in which she gained 18 pounds) and that, at the time of hearing, she had participated in Weight Watchers for six weeks, showing a net loss of six pounds in five weeks. The record also indicates that in the two months between her net loss of six pounds with Dr. Bone and her net loss of six pounds with Weight Watchers, claimant had a net gain of 80 pounds. The record also indicates that after claimant was told by Dr. Brandon in December of 1983 to lose 100 pounds, the employer voluntarily offered to pay for her participation in a Weight Watchers’ program, but she failed to take advantage of this offer.
Taking into account all the evidence before him, the commissioner concluded that claimant had not shown significant progress during the more than ten months since she had been instructed to lose weight and that it was not realistic to suppose that she would lose the required amount of weight any time in the immediate future. The commissioner took into account the two periods of negligible weight loss. However, it does not take a medical expert to realize that a person only half claimant’s weight would normally fluctuate several pounds within a much shorter period, so that a “loss” of six pounds over five weeks in a woman weighing over 350 pounds is not significant.
Because it is not the function of this court to reweigh the evidence, but only to determine whether the conclusions of the fact-finder are supported by competent substantial evidence, and because competent substantial evidence in the record supports the commissioner’s findings regarding claimant’s lack of weight loss progress and maximum medical improvement, I would affirm those findings, as well as his denial of further authorization for weight loss programs.